**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Darrell KIMBROUGH, Appellant.**

Superior Court of Pennsylvania.

Submitted July 23, 2007.
Filed Dec. 3, 2007.

John J. Warring, Scranton, for appellant.

Lisa A. Gillick, Asst. Dist. Atty., Scranton, for the Com., appellee.

BEFORE: KLEIN, DANIELS and KELLY, JJ.

OPINION BY DANIELS, J.:

¶ 1 Appellant, Darrell Kimbrough, appeals from an order filed on December 20, 2006 by the Court of Common Pleas of Lackawanna County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–46. For the following reasons, we affirm in part, vacate in part, and remand for proceedings consistent with this Opinion.

### FACTS & PROCEDURAL BACKGROUND

¶ 2 On June 12, 1997, Appellant's half-brother took a hand gun from Appellant and fired it at a car, killing Derrick Walker. Moments before the shooting, Appellant had pointed the same hand gun at and threatened to kill the victim's brother. Appellant had argued with the victim earlier that evening. Appellant and Appellant's half-brother were tried jointly.[1] The jury found Appellant's half-brother guilty of first-degree murder.[2] The same jury found Appellant guilty of both third-degree

---

1. A third co-defendant pled guilty to third-degree murder as an accomplice.

2. 18 Pa.C.S.A. § 2502(a).

murder[3], as an accomplice, and of voluntary manslaughter[4], as an accomplice. The voluntary manslaughter conviction merged with the third degree murder conviction for sentencing purposes; no separate sentence was imposed by the trial court for the voluntary manslaughter conviction.[5]

¶ 3 On direct appeal, Appellant asserted, *inter alia:*

> The second issue raised is whether the guilty verdicts of third degree murder and voluntary manslaughter, both under accomplice theories, are mutually exclusive of each other and inconsistent. Kimbrough argues the trial court gave defective instructions which led to these inconsistent verdicts, and that the trial court should have required the jury to remain in deliberations until it reached a unanimous verdict on only one of the homicide charges.

*Commonwealth v. Kimbrough,* 872 A.2d 1244, 1255 (Pa.Super.2005) (en banc).

¶ 4 This Court, sitting en banc, rejected Appellant's aforesaid argument. *Id.* We concluded, in that direct appeal, that third-degree murder and voluntary manslaughter of the type involved here[6] are not impermissibly inconsistent verdicts because third-degree murder requires a mental state of malice, whereas this species of voluntary manslaughter requires a specific intent to kill. *Id.* at 1255–56. Given that Kimbrough's half-brother had, unsuccessfully, testified that he was acting in self-defense, we reasoned that the jury could have found proof of both specific intent and malice. *Id.* Thus, we concluded that the verdicts were not impermissibly inconsistent and that the trial court did not err when it accepted both verdicts of the jury. *Id.* at 1256.

¶ 5 We were not dissuaded from reaching this conclusion because of the Supreme Court of Pennsylvania's seemingly absolute characterization of such a pairing of verdicts as "obviously inconsistent" in *Commonwealth v. Brightwell,* 492 Pa. 424, 424 A.2d 1263 (1981), because that decision has subsequently been tempered by the Supreme Court's holdings that a jury's finding of both malice and specific intent to kill in a single homicide can be addressed by the trial court without directing the jury to return to continue its deliberations. *See Kimbrough,* 872 A.2d at 1256 (citing *Commonwealth v. Meadows,* 567 Pa. 344, 787 A.2d 312, (2001) (verdicts of guilt on charges of first, second, and third degree murder were not mutually exclusive, and court did not err in molding verdict to a conviction of first degree murder alone); *Commonwealth v. Weston,* 561 Pa. 199, 749 A.2d 458 (2000) (conviction of voluntary manslaughter did not abrogate requisite

---

3. 18 Pa.C.S.A. § 2502(c).

4. 18 Pa.C.S.A. § 2503(b).

5. Appellant was sentenced to twenty (20) to forty (40) years of imprisonment on the third degree murder conviction.

6. That is, voluntary manslaughter grounded in an unreasonable belief that the killing was justified, as opposed to voluntary manslaughter based on serious provocation to sudden and intense passion. 18 Pa.C.S.A. § 2503 embraces both:

 (a) **General Rule.**—A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation....

 ...

 (b) **Unreasonable belief killing justifiable.**—A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this title, but his belief is unreasonable.

intent for convictions for possession of instruments of crime and criminal conspiracy); and *Commonwealth v. Young,* 561 Pa. 34, 748 A.2d 166 (1999) (verdicts of guilt on charges of first and third degree murder were not impermissibly inconsistent, and the court did not err in molding verdict to conviction of first degree murder alone)). Although the trial court here did not mold Appellant's verdicts and proceeded to enter both, we found no error because the two verdicts were not impermissibly inconsistent.[7] *Id.*

¶ 6 In petitioning the Supreme Court of Pennsylvania for allowance of appeal, Appellant's trial counsel did not raise the issue of the trial court's acceptance of both guilty verdicts. (N.T. PCRA Hearing, 8/21/06, pp. 21–24). Appellant's Petition for allowance appeal was denied, without having had the issue of the alleged inconsistent verdicts presented to the Supreme Court for its consideration. *Commonwealth v. Kimbrough,* 585 Pa. 687, 887 A.2d 1240 (2005).

¶ 7 Appellant filed a timely petition for PCRA relief on November 21, 2005, and on January 5, 2006, new counsel was appointed to represent Appellant in these PCRA proceedings. An evidentiary hearing was held on August 21, 2006, and on December 20, 2006, the PCRA court filed a detailed order denying Appellant's PCRA petition on the ground that the question of whether Appellant's convictions were impermissibly inconsistent had already been fully litigated on direct appeal to this Court, thereby rendering moot Appellant's related claims

that the assistance provided by trial counsel was ineffective.[8] This appeal followed.

### QUESTIONS ON APPEAL

¶ 8 Appellant raises the following questions for review by this Court:

1. Whether [Appellant's] claims have been previously litigated?
2. Whether [Appellant] was denied effective assistance when Trial Counsel failed to request a progression charge, failed to object to inconsistent verdicts, and failed to request the court to order the jury to reconsider its verdict?
3. Whether [Appellant] was denied effective assistance of counsel when Trial Counsel failed to raise the inconsistent verdict claim in [Appellant's] Petition for allowance of appeal to the Pennsylvania Supreme Court?

Brief of Appellant, p. 4.

### STANDARD OF REVIEW

 ¶ 9 This Court's standard of review of an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley,* 582 Pa. 164, 169, at n. 2, 870 A.2d 795, 799 at n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr,* 768 A.2d 1164, 1166 (Pa.Super.2001).

---

7. The reasoning of the en banc panel of this Court on direct appeal is binding upon the present panel as to the issue of whether the trial court committed reversible error by accepting verdicts of guilty for both third degree murder and voluntary manslaughter as related to a single killing.

8. Despite its determination that all of Appellant's claims for post conviction relief had either been previously litigated or were rendered moot by previous litigation, the PCRA court then continued "in the interests of completeness" to consider the merits of Appellant's claim that the assistance provided by counsel on direct appeal was ineffective. *See* PCRA Order of 12/20/06, p. 5.

## DISCUSSION

### I. *Previous Litigation*

¶ 10 Appellant's first assertion on appeal is that the PCRA court erred in determining that Appellant's claims for post conviction relief were barred on the ground that those claims had been previously litigated on direct appeal. We agree with Appellant's assertion in that regard insofar as his claim of ineffective assistance of trial counsel is concerned.

¶ 11 In order to demonstrate eligibility for relief under the PCRA, a petitioner must plead and prove, *inter alia*, "[t]hat the allegation of error has not been previously litigated...." 42 Pa.C.S.A. § 9543(a)(3). The PCRA expressly provides that "an issue has been previously litigated if ... the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id.* § 9544(a)(2). As the Supreme Court of Pennsylvania has opined in *Commonwealth v. Collins*, 585 Pa. 45, 888 A.2d 564 (2005), post conviction relief claims alleging that counsel had provided ineffective assistance are generally to be considered distinct from the underlying claims that the trial court erred, even though such underlying claims of error had been litigated on direct appeal. *Id.* at 58, 888 A.2d at 571–572.[9]

¶ 12 In the instant case, the highest appellate court in which the petitioner could have had review as a matter of right—this Court—has ruled only on the merits of the underlying claim that the trial court erred by accepting and recording guilty verdicts against Appellant of both third degree murder, as an accomplice, and voluntary manslaughter, as an accomplice. We have not yet been called upon to rule upon the merits of any of Appellant's ineffective assistance of counsel claims.[10] *See Kimbrough*, 872 A.2d 1244 (Pa.Super.2005) (en banc). And since, under the *Collins* decision, the relationship between the underlying claim that the court erred and a claim that counsel provided ineffective assistance in relation to such error are mutually exclusive, and as such are to be explored by reaching the merits of the ineffectiveness claim, we are constrained to inquire as to whether the PCRA Court below has considered and addressed Appellant's ineffective assistance of counsel claims in their totality.[11]

¶ 13 Here, the Commonwealth's reliance upon *Commonwealth v. Jones*, 590 Pa. 202, 912 A.2d 268 (2006), is misplaced. In *Jones*, the Supreme Court of Pennsylvania determined that the PCRA petitioner's ineffective assistance claims were not cognizable because the petitioner failed to argue that the Court had erred on direct appeal as to the underlying claims. *Id.* at 217, 912 A.2d at 276–77. Here, Appellant has by no means failed to argue that the underlying determination of this Court on direct appeal was erroneous. Brief of Appellant, pp. 4, 7, 10–11, 15–16, 27–30.

---

9. The Supreme Court of Pennsylvania decided *Collins* on December 27, 2005, after the en banc panel of this Court had already decided Appellant's direct appeal on April 19, 2005.

10. Indeed, no claims that the assistance provided by counsel at trial or on direct appeal to this Court was ineffective were raised (no less litigated) prior to Appellant's PCRA petition below. As counsel asserted at the PCRA hearing, for counsel to argue on appeal that he was ineffective at trial is inappropriate.

(N.T. PCRA Hearing, 8/21/06, p. 24). Furthermore, had counsel made such assertions, this Court would have been obliged to quash the same pursuant to *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), in any event.

11. In its consideration of claims of ineffective assistance of counsel, the court must apply the three-prong of *Pierce*, which includes consideration of whether the underlying claim is of arguable merit. See *Commonwealth v. Pierce*, 537 Pa. 514, 645 A.2d 189 (1994).

¶ 14 Thus, we conclude that Appellant's ineffective assistance of counsel claims have not been previously litigated and that the PCRA court below erred in concluding that they had.

## II. *Ineffective Assistance of Trial Counsel*

¶ 15 After having determined that all of Appellant's issues on appeal as to counsel's assistance at trial had been previously litigated, the PCRA court, nonetheless, proceeded "in the interests of completeness" to the merits of Appellant's claim that counsel provided ineffective assistance on direct appeal by failing to raise the inconsistent verdict issue in petitioning the Supreme Court of Pennsylvania for allowance of appeal of our en banc decision, finding that counsel had a reasonable basis for that action.[12] Accordingly, we shall review that portion of the PCRA court's order at this time.

■ ¶ 16 In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) petitioner was prejudiced by counsel's acts or omissions. *Pierce, supra.*

■ ¶ 17 Instantly, the PCRA court reached the merits of only one of Appellant's ineffective assistance of counsel claims-that related to failure of appellate counsel (also trial counsel) to raise the inconsistent verdict issue in petitioning the Supreme Court of Pennsylvania for allowance of appeal. In that connection, the PCRA court determined that, based upon appellate counsel's testimony at the August 21, 2006 evidentiary PCRA hearing, counsel had a reasonable basis for that tactical decision. PCRA Order of 12/20/06, pp. 6–7. The transcript of the PCRA hearing is included in the certified record, as well. At that hearing, appellate counsel stated that he had decided to concentrate the petition for allowance of appeal on the issue of accomplice liability as he felt that such issue had a better chance of success, especially given this Court's en banc decision on the inconsistency of verdicts issue. (N.T. PCRA Hearing, 8/21/06, p. 36). Thus, we cannot say that there is no support in the certified record for the PCRA court's determination in that regard, and consequently, we shall not disturb that determination on appeal. *See Carr, supra.* However, the same cannot be said for Appellant's claim of ineffective assistance of counsel at trial.

## CONCLUSION

¶ 18 We are of the opinion that the PCRA court erred in concluding that Appellant's claim that trial counsel provided ineffective assistance at the criminal trial of Appellant had been previously litigated on direct appeal to this Court. Such is clearly not the case. Accordingly, we are compelled to remand for full consideration of those claims in the PCRA Court below.[13]

---

**12.** The PCRA court below also purported to reach the merits of Appellant's claims of ineffective assistance at trial, but then simply concluded, without providing any reasoning, that such claims have no arguable merit because this Court later decided on direct appeal that the trial court that the verdicts were not impermissibly inconsistent. PCRA Order of 12/20/06, p. 6. Given *Collins, supra,* and particularly given this Court's comment on direct appeal regarding the failure to give a progression instruction, *see* footnote 13, *infra,* we conclude that the PCRA court did not actually reach the merits of Appellant's claims of ineffective assistance of trial counsel in the trial court.

**13.** Although the PCRA court determined that the issue of trial counsel's alleged ineffective assistance has been previously litigated, ex-

¶ 19 Order affirmed only as to the determination that trial counsel did not provide ineffective assistance by failing to raise the issue of inconsistent verdicts in petitioning the Supreme Court of Pennsylvania for allowance of appeal; otherwise, Order vacated.

¶ 20 Order affirmed in part, and vacated in part. Remanded for PCRA proceedings consistent with this Opinion. Jurisdiction relinquished.

tensive testimony was adduced at the PCRA hearing as to each claimed instance of ineffective assistance of counsel. The evidentiary content of those proceedings is a part of the record before us on this appeal. Moreover, in reviewing those proceedings, we note that trial counsel stated he could recall no reason at all for his having failed to request that the trial court give the jury a progression instruction. (N.T. PCRA Hearing, 8/21/06, p. 12).

Moreover, on Appellant's direct appeal to this Court, the majority of the Court En Banc implicitly recognized that the trial court's failure to give a progression instruction was erroneous as follows:

We note that *had the trial court employed a progression charge in instructing the jury the issue regarding inconsistent verdicts could have been avoided. In Commonwealth v. Loach,* 421 Pa.Super. 527, 618 A.2d 463

(1992), *appeal denied,* 535 Pa. 655, 634 A.2d 219 (1993), *an en banc panel of this Court approved the use of a progression charge in murder cases.* That is, *it is proper for a jury to be instructed that it should consider whether a defendant is guilty of the most serious degree or form of the crime which has been charged.* If the jury determines that the accused is not guilty of the most serious degree of the crime, it then proceeds to consider, in descending order of seriousness, the guilt or innocence on the lesser degree and forms charged. *Had the progression charge been employed* in the instant trial, *the verdict of guilty of third degree murder would have ended the jury's deliberations as to the charge of voluntary manslaughter.*

*Kimbrough, supra,* at 1256 n. 5 (Emphasis Added).