J-S17040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
TERON KRIS UTSEY, :
:
Appellant : No. 1460 EDA 2016

Appeal from the PCRA Order April 26, 2016
in the Court of Common Pleas of Montgomery County,
Criminal Division, No(s): CP-46-CR-0003508-2012

BEFORE: OLSON, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 27, 2017**

Teron Kris Utsey ("Utsey"), *pro se*, appeals from the Order denying his

first Petition for Relief filed pursuant to the Post Conviction Relief Act

("PCRA").[1] We affirm.

On March 26, 2011, Utsey and several co-conspirators entered into an

agreement to steal money and pills from Scott Hopper ("Hopper"), at his

residence in Hatboro, Montgomery County, Pennsylvania. Utsey entered

Hopper's residence, while possessing a semi-automatic gun. One of Utsey's

co-conspirators possessed a crow-bar. As a result of the home invasion,

Hopper sustained serious injuries.

In March 2011, a jury convicted Utsey of burglary and criminal

conspiracy to commit robbery.[2] The jury found Utsey not guilty of robbery,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] **See** 18 Pa.C.S.A. §§ 3502(a), 903.

terroristic threats and firearms not to be carried without a license.[3] The trial court subsequently sentenced Utsey to an aggregate prison term of 7½ to 20 years. Utsey filed a post-sentence Motion, which the trial court denied. On February 5, 2015, this Court affirmed Utsey's judgment of sentence. *Commonwealth v. Utsey*, 120 A.3d 369 (Pa. Super. 2015) (unpublished memorandum). Utsey did not petition for allowance of appeal to the Pennsylvania Supreme Court.

On December 16, 2015, Utsey filed the instant, *pro se*, PCRA Petition. The PCRA court appointed counsel to represent Utsey. Appointed counsel subsequently filed a detailed no-merit letter and a Petition to Withdraw from representation, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On April 26, 2016, after Pa.R.A.P. 907 Notice, the PCRA court granted counsel's Petition to Withdraw, and dismissed Utsey's PCRA Petition without a hearing. Thereafter, Utsey filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Utsey, *pro se*, presents the following claims for our review:

I. Did the trial court commit reversible error where it instructed the jury on "false in one, false in all," which is an instruction that is clearly <u>contrary</u> to established federal and state laws governing the "reasonable doubt standard[,]" [and] easing the prosecution of its burden of proof?

---

[3] *See* 18 Pa.C.S.A. §§ 3701, 2706, 6105.

II.    Did the trial court commit error in allowing [Utsey's] conviction for the conspiracy-to-robbery to stand where robbery was presented by the prosecution as a spontaneous act in furtherance of the burglary offense, and robbery was presented as the **underlying** conspiratorial act[,] of which a conspiracy conviction under [18 Pa.C.S.A.] § 903(c) could stand[,] violating Pennsylvania's statutory laws and established federal precedent?

Brief for Appellant at vi (emphasis in original, some capitalization omitted).

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).  Our scope of review

is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party, in this case, the Commonwealth.  *See*, *e.g.*, *Commonwealth v. Duffey*, 585 Pa. 493, 889 A.2d 56, 61 (Pa. 2005); *Commonwealth v. Meadius*, 582 Pa. 174, 870 A.2d 802[, 805] (Pa. 2005).  In addition, "[t]he level of deference to the hearing judge may vary depending upon whether the decision involved matters of credibility or matters of applying the governing law to the facts as so determined." *Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119, 1124 (Pa. 2007) (citations omitted).

*Commonwealth v. Fahy*, 959 A.2d 312, 316 (Pa. 2008).

In his first claim, Utsey argues that the trial court improperly issued the "false in one, false in all" jury instruction.  Brief for Appellant at 1. According to Utsey, the jury showed its confusion over the instruction when it asked to hear the instruction a second time.  *Id.*  Utsey disagrees with his former PCRA counsel's assessment, *i.e.*, that his challenge to the jury instruction is not cognizable under the PCRA.  *Id.* at 3-5.  In this regard,

Utsey claims his PCRA counsel rendered ineffective assistance. ***Id.*** at 5. Utsey advances no argument regarding trial counsel's representation.

We note that in his PCRA Petition, Utsey alleged that his trial counsel rendered ineffective assistance by not objecting to the "false in one, false in all" jury instruction. PCRA Petition (*Pro Se*), 12/14/15, at 3. Accordingly, we will address Utsey's challenge to the jury instruction in the context of his claim of ineffective assistance of trial counsel.

As this Court has explained,

> [t]o be entitled to relief on an ineffectiveness claim, [the petitioner] must prove the underlying claim is of arguable merit, counsel's performance lacked a reasonable basis, and counsel's ineffectiveness caused him prejudice. Prejudice in the context of ineffective assistance of counsel means demonstrating there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. This standard is the same in the PCRA context as when ineffectiveness claims are raised on direct review. Failure to establish any prong of the test will defeat an ineffectiveness claim.

***Commonwealth v. Solano***, 129 A.3d 1156, 1162-63 (Pa. 2015) (citations omitted).

In its Opinion, the PCRA court addressed Utsey's first claim and concluded that it lacks merit. ***See*** PCRA Court Opinion, 6/30/16, at 5-6. We agree with the sound reasoning of the PCRA court, as expressed in its

Opinion, and affirm on this basis as to Utsey's first claim.[4] **See id.**

In his second claim of error, Utsey asserts that the trial court improperly upheld his conviction for conspiracy to commit robbery, "where robbery was presented by the prosecution as a spontaneous act in furtherance of the burglary offense," yet identified as the criminal act underlying the charge of conspiracy. Brief for Appellant at 6. Utsey asserts that his role in planning the burglary "serves as the only conspiracy that is cognizable under [18 Pa.C.S.A. §] 903(c)[.]" Brief for Appellant at 9. Utsey directs this Court's attention to evidence that he had remained in his car, a block away from the residence, when his co-conspirators entered the home and robbed the occupant. **Id.** Utsey claims that there is no evidence that he conspired to commit a robbery. **Id.** at 10.

In its Opinion, the trial court addressed this claim and concluded that it lacks merit, as the claim is not cognizable under the PCRA. **See** Trial Court Opinion, 6/30/16, at 4-5. We affirm on the basis of the trial court's stated reasoning with regard to this claim. **See id.**[5]

Order affirmed.

---

[4] Further, Utsey failed to preserve a challenge to PCRA counsel's ineffectiveness in a response to the PCRA court's Pa.R.A.P. 907 Notice. **See Commonwealth v. Ford**, 44 A.3d 1190, 1198 (Pa. Super. 2012) (stating that "when counsel files a **Turner/Finley** no-merit letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss") (citation omitted).

[5] **See also Utsey**, 120 A.3d 369 (unpublished memorandum at 2-7) (summarizing the evidence and concluding that it is sufficient to establish the crime of criminal conspiracy to commit robbery).

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2017

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : CP-46-CR-0003508-2012

               V. :

TERON UTSEY : 1460 EDA 2016

## OPINION

CARPENTER  J.                           JUNE 29, 2016

### FACTUAL AND PROCEDURAL HISTORY

Appellant, Teron Utsey ("Utsey"), appeals *pro se* from a final order of dismissal dated April 26, 2016, dismissing his petition seeking post-conviction relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The dismissal was based on counsel's no-merit letter submitted in accordance with Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) and this Court's independent review of the record.

By way of background, on January 23, 2014, Utsey was convicted by a jury of burglary and conspiracy to commit robbery[1] for his part in an early morning brutal home invasion that occurred on March 26, 2011. On that date there was an agreement between Utsey and several co-conspirators to steal money and pills from the victim, Scott Hopper, at his residence located at 145

---

[1] Utsey was found not guilty of robbery, terroristic threats and firearms not to be carried without a license.

East Moreland Avenue, Hatboro, Montgomery County. Utsey was armed with a semi-automatic gun and a co-conspirator was armed with a crow-bar. The victim sustained serious injuries.

On April 28, 2014, Utsey was sentenced. A timely post-sentence motion was filed, and ultimately denied on May 8, 2014. Utsey filed a direct appeal with the Pennsylvania Superior Court. On February 5, 2015, the Pennsylvania Superior Court affirmed Utsey's judgment of sentence. Utsey did not seek further review with the Pennsylvania Supreme Court.

On December 16, 2015, Utsey filed a *pro se* PCRA petition. PCRA counsel was appointed on December 30, 2015, to assist Utsey with his petition. Having found no meritorious issues to pursue, PCRA counsel filed a Turner/Finley no-merit letter dated March 25, 2016.[2] On March 29, 2016, this Court issued a pre-dismissal notice pursuant to Pa.R.Crim.P. 907, notifying Utsey of this Court's intention to dismiss his PCRA petition without a hearing and of his right to file a response to the Rule 907 notice. Utsey filed a response, objecting to the proposed dismissal. On April 26, 2016, this Court entered a final order of dismissal, which is at issue in this appeal.

Utsey timely filed a notice of appeal and a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) as directed by this Court. This 1925(a) Opinion follows.

---

[2] A copy of PCRA counsel's no-merit letter is appended to this Opinion so as to be made a part of the record.

2

## ISSUES

I.  <u>Whether it was proper for trial counsel not to object, challenge or request a mistrial, when Utsey was convicted of conspiracy to commit robbery.</u>

II. <u>Whether it was proper for trial counsel not to object to the false in one, false in all jury charge.</u>

## DISCUSSION

Our appellate court's standard of review of an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Commonwealth v. Kimbrough, 938 A.2d 447 (Pa.Super. 2007). In evaluating a PCRA court's decision, the scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. Commonwealth v. Colavita, 993 A.2d 874, 886 (Pa. 2010).

To be entitled to PCRA relief, an appellant must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2), his claims have not been previously litigated or waived, and "the failure to litigate the issue prior to or during trial ... or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." Id. § 9543(a)(3), (a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue." Id. § 9544(a)(2). An issue is waived if appellant "could have raised it but failed to do so before trial, at trial, ... on appeal or in a prior state postconviction

3

proceeding." Id. § 9544(b), see also, Commonwealth v. Robinson, 82 A.3d 998, 1005 (Pa. 2013).

To prevail on a claim of ineffectiveness of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstance of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Commonwealth v. Anderson, 995 A.2d 1184, 1191 (Pa.Super. 2010). The law presumes counsel was effective and thus, the burden of proving otherwise rests with the defendant. Commonwealth v. Zook, 887 A.2d 1218, 1227 (Pa. 2005). To properly plead ineffective assistance of counsel, a petitioner must plead and prove: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. Commonwealth v. Tedford, 598 Pa. 639, 960 A.2d 1 (Pa. 2008) (citing Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 19987) (adopting the U.S. Supreme Court's holding in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

I.    It was proper for trial counsel not to object, challenge or request a mistrial, when Utsey was convicted of conspiracy to commit robbery.

In reading Utsey's *pro se* PCRA petition, his response to this Court's 907 notice of intent and his 1925(b) Statement, this Court discerns to the best of its ability Utsey to be arguing that he could not have been convicted of conspiracy to commit robbery because the conspiracy went to the burglary and

4

not to the robbery, which he argues was a "spontaneous act in furtherance of the burglary." Accordingly, the conspiracy could only relate to the burglary. Utsey further seems to argue that to have a valid conspiracy to commit robbery conviction, the Commonwealth was required to prove a separate agreement to commit the robbery, for which he was "two blocks away from the robbery when it occurred." See, 1925(b) Statement docketed 6/1/16.

Utsey's argument is nothing more than a variation of his sufficiency of the evidence argument as it relates to his conspiracy to commit robbery conviction that he raised in his direct appeal, an issue that the Pennsylvania Superior Court rejected as meritless. Therein, the Superior Court found that the evidence was indeed sufficient to convict him of conspiracy to commit robbery despite having been found not guilty of robbery. See, Commonwealth v. Teron Utsey, 2015 WL 7587363, *2 - 7 (Pa.Super 2015) (unpublished memorandum). Because this claim has been raised in Utsey's direct review, it is previously litigated and does not entitle Utsey to post-conviction relief.

II.  **It was proper for trial counsel not to object to the false in one, false in all jury charge.**

Utsey next contends that trial counsel was ineffective in failing to object to the false in one, false in all jury instruction. He argues that this instruction is contrary to the reasonable doubt burden of proof and is confusing to the jury.

5

This Court did instruct the jury with the false in one, false in all jury instruction and this instruction was proper; therefore, there trial counsel cannot be ineffective in failing to object. (Trial by Jury 1/23/14 pp. 50 – 51). The jury instruction provided by this Court is a mirror of that which is set forth in the Pennsylvania Suggested Standard Jury Instruction (Criminal) § 4.15.[3] The false in one, false in all instruction informs the jury that if it finds any part of a witness' testimony to be incredible, then it may reject all of that witness' testimony. This charge is a proper statement of the law, and there is no harm if that charge is given. Commonwealth v. Vicens-Rodriguez, 911 A.2d 116 (Pa.Super. 2006). Trial counsel cannot be found to be ineffective in failing to object to a correct statement of the law. Accordingly, Utsey is not entitled to post-conviction relief based upon this alleged claim of error.

---

[3]     The charge reads in full:

If you decide that a witness deliberately testified falsely about a material point that is, about a matter that could affect the outcome of this trial, you may for that reason alone choose to disbelieve the rest of his or her testimony. But you are not required to do so. You should consider not only the deliberate falsehood but also all other factors bearing on the witness's credibility in deciding whether to believe other parts of his[/]her testimony.

Pennsylvania Suggested Standard Jury Instruction (Criminal) § 4.15

6

## CONCLUSION

Based on the foregoing analysis, the final order of dismissal dated April 26, 2016, dismissing Utsey's PCRA petition should be affirmed.

BY THE COURT:

_____
WILLIAM R. CARPENTER    J.
COURT OF COMMON PLEAS
MONTGOMERY COUNTY
PENNSYLVANIA
38ᵀᴴ JUDICIAL DISTRICT

**Copies sent on June 30, 2016**
**By Interoffice Mail to:**
Court Administration

**By First Class Mail to:**
Teron Utsey #LN5072
SCI Fayette
P.O. 9999
LaBelle, PA 15450-1050

7