J. S66040/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TERRENCE BONNER, | : | No. 3972 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, December 11, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0015853-2008

BEFORE:  GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:            **FILED JANUARY 07, 2019**

Terrence Bonner appeals from the December 11, 2017 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts of this case were summarized by a prior panel of this court on direct appeal and need not be reiterated in full here.  *See* ***Commonwealth v. Bonner***, 27 A.3d 255, 255-257 (Pa.Super. 2011), ***appeal denied***, 40 A.3d 1233 (Pa. 2012).  In sum, in the early morning hours of April 13, 2008, appellant broke into the home of the victims, N.P. ("Husband") and M.M. ("Wife"), robbed them at knifepoint, sexually assaulted wife, and stole their vehicle.  On September 25, 2009, a jury found appellant guilty of burglary, robbery, robbery of a motor vehicle,

possessing instruments of crime, and indecent assault[1] in connection with this incident.  Following his convictions, the trial court sentenced appellant to an aggregate term of 13 to 26 years' imprisonment on November 20, 2009.  Appellant filed a timely notice of appeal on December 9, 2009.[2]

On August 17, 2011, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied allowance of appeal on March 13, 2012.  *Id.*  Appellant did not seek review with the United States Supreme Court.  On April 9, 2012, appellant filed a timely *pro se* PCRA petition, and Michael L. Doyle, Esq. ("Attorney Doyle"), was appointed to represent him.  On May 16, 2014, Attorney Doyle filed an amended PCRA petition on appellant's behalf.  Attorney Doyle subsequently left the practice of law, and appellant's current counsel, Zak T. Goldstein, Esq. ("PCRA counsel"), was appointed to represent him.  On May 5, 2017, PCRA counsel filed a second amended PCRA petition on appellant's behalf.  On October 24, 2017, the Commonwealth filed a motion to dismiss appellant's second amended petition.  On November 13, 2017, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1).  Appellant did not file a response

---

[1] 18 Pa.C.S.A. §§ 3502(a), 3701(a), 3702(a), 907(a), and 3126(a), respectively.

[2] Appellant was represented during his jury trial by Peter L. Maas, Esq. ("trial counsel"), and on direct appeal by Karl Baker, Esq. and Owen Larrabee, Esq. (collectively, "appellate counsel").

to the PCRA court's Rule 907 notice. Thereafter, on December 11, 2017, the PCRA court dismissed appellant's petition without an evidentiary hearing. This timely appeal followed.[3]

Appellant raises the following issues for our review:

I. Whether the PCRA Court erred in denying [a]ppellant's [PCRA] Petition because trial counsel was ineffective in failing to object to the prosecution's closing argument about crime in Philadelphia because the argument was unfairly prejudicial and calculated only to inflame the passions of the jury[?]

II. Whether the PCRA Court erred in denying [a]ppellant's [PCRA] Petition because trial counsel was ineffective in failing to object and request a mistrial or cautionary jury instruction when the Commonwealth presented identification evidence and argued in closing that the complainants had successfully identified [a]ppellant as the person who burglarized their home after the Commonwealth, in order to defeat a defense motion for a pre-trial lineup, stipulated at the preliminary hearing that the witnesses would never identify [a]ppellant as the person who burglarized their home[?]

III. Whether the PCRA Court erred in denying [a]ppellant's [PCRA] Petition where appellate counsel in [a]ppellant's direct appeal was ineffective in failing to challenge [a]ppellant's conviction based on the sufficiency of the evidence where the only evidence connecting [a]ppellant to the crime was the presence of

---

[3] The record reflects that on December 12, 2017, the PCRA court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed his timely Rule 1925(b) statement on December 15, 2017, and the PCRA court filed its Rule 1925(a) opinion on June 6, 2018.

> his fingerprints on an inherently movable
> object which was taken during the crime
> approximately half an hour to an hour later[?]

Appellant's brief at vii-viii.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

When the PCRA court denies a petition without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa.Super. 2004). This court has long recognized that there is no absolute right to an evidentiary hearing. *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). "It is within the PCRA court's discretion

to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted).

Appellant's first two claims concern the effectiveness of his trial counsel. To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." **Commonwealth v. Charleston**, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), **appeal denied**, 104 A.3d 523 (Pa. 2014).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

**Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), **appeal denied**, 30 A.3d 487 (Pa. 2011). Additionally, counsel is not ineffective for

failing to raise a claim that is devoid of merit. ***Commonwealth v. Ligons***, 971 A.2d 1125, 1146 (Pa. 2009).

Appellant contends that trial counsel was ineffective for failing to object to comments the prosecutor made during her closing argument that referenced crime in Philadelphia. (Appellant's brief at 4.) Specifically, Assistant District Attorney Allyson Busch ("ADA Busch") made the following comments during her closing statement which appellant now challenges on appeal:

> Now, the defense would like you to ask us for more, always more. More prints from the house, more work by the police, more investigation . . . . Ladies and gentlemen as I told you from the beginning, this is real crime in Philadelphia. This is not CSI, it's not a TV show. I don't get to write in everything I wish I could possibly have in a case. That's not what the law requires. These are detectives and police officers that have gone up elevators with you just as you have every day this week. **You've seen what crime is like in Philadelphia. You've seen what this Criminal Justice Center is. It is a shame that our Crime Scene Unit can't go to every single home invasion where a knife has been held to someone's throat.** That we're so plagued by other things that they have to stay busy with. That our cops have limited resources. But they did a heck of a lot in this case. They held the scene. They tried to print the house where they thought that they could possibly get prints. They lifted prints that just were no good.

Notes of testimony, 9/24/09 at 149-150 (emphasis added).

Appellant argues that ADA Busch's comments were "prejudicial, inflammatory, and burden-shifting" and that trial counsel's failure to object

- 6 -

on this basis entitles him to a new trial. (Rule 1925(b) statement, 12/15/17 at ¶ 1a; *see also* appellant's brief at vii, 6-7.) We disagree.

"Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion." ***Commonwealth v. Harris***, 884 A.2d 920, 927 (Pa.Super. 2005) (citations omitted), ***appeal denied***, 928 A.2d 1289 (Pa. 2007). Not every unwise remark on a prosecutor's part, however, constitutes reversible error. ***Id.*** "Prosecutorial misconduct occurs when the effect of the prosecutor's comments would be to prejudice the trier of fact, forming in its mind fixed bias and hostility toward the defendant so that it could not weigh the evidence objectively and render a true verdict." ***Commonwealth v. Duffy***, 832 A.2d 1132, 1137 (Pa.Super. 2003), ***appeal denied***, 845 A.2d 816 (Pa. 2004).

> Counsel['s] remarks to the jury may contain fair deductions and legitimate inferences from the evidence presented during the testimony. The prosecutor may always argue to the jury that the evidence establishes the defendant's guilt, although a prosecutor may not offer his personal opinion as to the guilt of the accused either in argument or in testimony from the witness stand. Nor may he or she express a personal belief and opinion as to the truth or falsity of evidence of defendant's guilt, including the credibility of a witness.

***Commonwealth v. Chmiel***, 777 A.2d 459, 466 (Pa.Super. 2001), ***appeal denied***, 788 A.2d 372 (Pa. 2001), ***cert. denied***, 535 U.S. 1059 (2002).

Following our careful review, we agree with the PCRA court that ADA Busch's comments, when read as a whole, were not so prejudicial as to

warrant that a new trial be granted. "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations and internal quotation marks omitted). "[A] prosecutor is permitted fairly wide latitude in advocating for the Commonwealth, including the right to argue all fair conclusions from the evidence, to respond to defense arguments, and to engage in a certain degree of oratorical flair." *Harris*, 884 A.2d at 931. All such comments must be reviewed in the context in which they were made. *Commonwealth v. Robinson*, 877 A.2d 433, 441 (Pa. 2005).

Here, the record reflects that ADA Busch's references to crime in Philadelphia were not the type of comments that would cause the jury to form a fixed bias or hostility towards appellant and prevent it from rendering a fair and impartial verdict. Rather, ADA Busch's comments were a fair response to trial counsel's repeated arguments throughout trial bemoaning the lack of fingerprint and DNA evidence presented by the Commonwealth. (*See* notes of testimony, 9/23/09 at 40-42; 9/24/09 at 135-137.) Accordingly, appellant's trial counsel had no basis upon which to object, and appellant's underlying ineffectiveness claim must fail. *See Commonwealth v. Rivera*, 816 A.2d 282, 292 (Pa.Super. 2003) (stating, "counsel will not be

considered ineffective for failing to pursue meritless claims."), *appeal denied*, 828 A.2d 350 (Pa. 2003).

Appellant also contends that trial counsel was ineffective for failing to object to comments ADA Busch made during her closing argument that referenced the fact that appellant fit the description of the assailant given by the victims at trial. (Appellant's brief at 10.) Specifically, ADA Busch stated as follows:

> They may not be able to say it was [appellant], but boy did they get a good description of him, five-foot eight, dark complexion, wearing a purple T-shirt with writing on it, a bandana on his head. We know [appellant] a month later had a black doo rag on. Late 30's, clean shaven, medium build, athletic. May 15 of last year [appellant] looked something a lot more like this. Gray hair not very visible especially if it's covered, no beard. They can't name him or but [sic] they can tell you exactly what he looks like and that's what they did.
>
> . . . .
>
> I guess the defense would have you believe, I guess, even though there's absolutely no evidence of this in the record, that some man came in at 4:30 in the morning at 1211 South Juniper looking a heck of a lot like [appellant], same build, height, skin color, something on his head, terrorized them, took their car, drove around awhile, parked it. . . .
>
> . . . .
>
> . . . The evidence shows that a man that looks just like him broke into that house, took the keys, took the car, left his prints, drove it around, parked in his hurry to escape a violation home invasion that he had just committed. . . .

Notes of testimony, 9/24/09 at 146, 151-152.

Appellant contends that these comments were the equivalent of informing he jury "that the complainants had successfully identified [a]ppellant as the person who burglarized their home[,]" and that the Commonwealth was precluded from doing so because it had stipulated at the December 4, 2008 preliminary hearing that the victims could not identify appellant as the perpetrator. (Appellant's brief at vii, 11-15; **see also** notes of testimony, 12/4/08 at 4-6.)

Upon review, we find that appellant's claim that trial counsel was ineffective for failing to object to ADA Busch's closing argument on this basis is meritless. It is well settled that a prosecutor is permitted to argue reasonable and legitimate inferences from the testimony presented at trial. **See Chmiel**, 777 A.2d at 466. Contrary to appellant's contention, neither victim in this case specifically identified appellant as their assailant at trial, but merely described the physical characteristics of the individual who assaulted them on the morning in question. Wife testified that the individual who broke into her home and assaulted her was between 5'8" and 5'9" in height, had a medium build, and a dark complexion. (Notes of testimony, 9/23/09 at 79.) Likewise, Husband testified that Wife's assailant had an average, athletic build, dark skin, and was wearing a bandana and "purplish" T-shirt. (**Id.** at 123-124.) ADA Busch's comments during her summation merely asked the jury to draw a reasonable inference that appellant, who

matched the physical description given by the victims, was the individual who broke into their home. *See Chmiel*, 777 A.2d at 466. These comments were supported by the record and were entirely proper. Accordingly, trial counsel had no basis upon which to object, and appellant's ineffectiveness claim must fail. *See Rivera*, 816 A.2d at 292 (stating, "counsel will not be considered ineffective for failing to pursue meritless claims[]").

In his final claim, appellant argues that appellate counsel were ineffective for failing to argue on direct appeal that the Commonwealth failed to present sufficient evidence to prove his identity as the perpetrator. (Appellant's brief at 16.) In support of this contention, appellant avers that the only evidence linking him to this crime was the fingerprint evidence recovered from inside the victims' vehicle, "an inherently movable object," and that the Commonwealth "failed to eliminate the possibility that [he] had been in the car on a previous occasion. . . ." (*Id.* at xvi, 18-19.) Appellant maintains that there were numerous other explanations as to why his fingerprints were discovered inside the vehicle, including the fact that he may have entered the vehicle to search for valuables on another occasion; or that he may have entered the vehicle for some other purpose in the hour it had been missing. (*Id.* at 19.) Appellant argues that appellate counsel had no reasonable basis for failing to pursue this particular argument on appeal. (*Id.*) We disagree.

It is well settled that "post-conviction relief claims alleging that counsel had provided ineffective assistance are generally to be considered distinct from the underlying claims that the trial court erred, even though such underlying claims of error had been litigated on direct appeal." *Commonwealth v. Kimbrough*, 938 A.2d 447, 450 (Pa.Super. 2007); *Commonwealth v. Collins*, 888 A.2d 564, 571-572 (Pa. 2005). "As we made clear in *Collins*, although we will analyze a distinct claim of ineffectiveness that is based on the underlying issue decided on direct appeal, in many cases those claims will fail for the same reasons they failed on direct appeal." *Commonwealth v. Washington*, 927 A.2d 586, 607 (Pa. 2007), citing *Collins*.

Upon review, we agree with the PCRA court that appellant's underlying sufficiency claim lacks arguable merit, and thus, appellant's ineffectiveness claim must fail. The record reflects that on direct appeal, a panel of this court held that there was sufficient evidence to sustain appellant's conviction for robbery of a motor vehicle. *See Bonner*, 27 A.3d at 257-258. Specifically, the *Bonner* court found that evidence established that appellant took the victim into the kitchen with a knife at her throat, repeatedly threatened to kill her until she handed over the keys to her car, and ultimately fled from the house in victim's car. *Id.* at 258. As this court has already concluded that there was sufficient evidence for the jury to infer that appellant was the perpetrator of the crimes in question, any alternative

argument to the contrary would have also failed. As noted, appellate counsel cannot be deemed ineffective for failing to raise a claim that is devoid of merit. **See Ligons**, 971 A.2d at 1146.

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing appellant's petition without conducting an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/19