J-S30014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
  :        PENNSYLVANIA
  :
      v. :
  :
  :
BRANDON ROSS SNYDER : 
  :
     Appellant : No. 274 MDA 2024

Appeal from the PCRA Order Entered February 5, 2024
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001171-2017

BEFORE: PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED: NOVEMBER 25, 2024**

Brandon Ross Snyder appeals *pro se* from the order entered on February 5, 2024, dismissing Snyder's second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. As Snyder is no longer serving the sentence from which he appeals, and we additionally find that the instant PCRA petition is untimely, we conclude we are without jurisdiction to entertain this appeal. We therefore affirm the PCRA court's decision to dismiss the PCRA petition, albeit on different grounds.

We previously summarized the facts and procedural history of this case during our resolution of Snyder's first PCRA petition as follows:

> [Snyder] fraudulently used a Lowe's Home Improvement Center (Lowe's) credit card issued to Schuylkill County Child Development, Inc. (Child Development) to make purchases

---

[*] Former Justice specially assigned to the Superior Court.

totaling $3,546.29 between December 18, 2016 and December 20, 2016. [Snyder] signed the name "Robert Ditzler" on each receipt. Robert Ditzler was a former employee of Child Development who was fired by the organization on December 6, 2016. On December 22, 2016, when making another purchase, [Snyder] presented the Lowe's credit card issued to Child Development together with his driver's license, which identified him as Brandon Snyder. When the cashier and a loss prevention officer at Lowe's questioned [Snyder] about his authorization to use the Lowe's credit card he presented, [Snyder] left the store without the credit card or his merchandise. An investigating police officer filed criminal charges against [Snyder] after reviewing Lowe's records for purchases made with the credit card issued to Child Development. On October 25, 2018, following a two-day trial, a jury convicted [Snyder] of access device fraud. On November 27, 2018, the trial court sentenced [Snyder] to 18 to 36 months of incarceration. [Snyder] filed a timely appeal on December 27, 2018. This Court affirmed [Snyder]'s judgment of sentence in an unpublished memorandum filed on September 9, 2019. *See Commonwealth v. Snyder*, 2019 WL 4273798 (Pa. Super. 2019). [Snyder] did not seek further review with the Pennsylvania Supreme Court.

On September 30, 2019, [Snyder] filed a *pro se* PCRA petition … raising four claims of trial counsel ineffectiveness. After an evidentiary hearing on February 25, 2020, the PCRA court denied relief by order entered on May 4, 2020. Thereafter, a prior panel of this Court examined claims [Snyder] raised on appeal in a published opinion entered on April 20, 2021. *See Commonwealth v. Snyder*, 250 A.3d 1253 (Pa. Super. 2021). The panel found no merit in [Snyder]'s claim that trial counsel was ineffective for failing to file a motion alleging a violation of [Snyder]'s speedy trial rights under Pa.R.Crim.P. 600 and affirmed the PCRA court's denial of relief on this claim. This Court, however, vacated "the portion of the PCRA court's May 4, 2020 order denying relief as to [Snyder]'s second, third and fourth claims" and remanded the case for appointment of new PCRA counsel. The panel granted leave for new counsel to file an amended PCRA petition, if desired, and further ordered the PCRA court to conduct additional evidentiary hearings, if necessary.

Upon remand, the PCRA court appointed new PCRA counsel to represent [Snyder] and, thereafter, conducted an additional evidentiary hearing over the course of three days, January 11,

2022, March 7, 2022, and May 9, 2022. By opinion and order entered on September 7, 2022, the PCRA denied relief and dismissed Appellant's PCRA petition.

*Commonwealth v. Snyder*, 1392 MDA 2022, at *1 (Pa. Super. filed July 28, 2023) (unpublished memorandum) (footnote and some citations omitted). We affirmed the denial on appeal. ***See id***. at *6.

Exactly one month later, Snyder filed the instant, second PCRA petition, *pro se*, in which he raises numerous layered claims of ineffective assistance of counsel. On January 11, 2024, the PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Specifically, the court concluded that Snyder's instant claims were previously litigated. After consideration of Snyder's response, the PCRA court dismissed the PCRA petition. This timely appeal followed.

We need not reach the substance of Snyder's issues on appeal, as he is ineligible for PCRA relief. To be eligible for post-conviction relief,

> the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> >
> > > (i) currently serving a sentence of imprisonment, probation or parole for the crime[.]

42 Pa.C.S.A. § 9543(a)(l)(i).

The PCRA clearly states an appellant not currently incarcerated or on probation or parole with regard to the sentence for which PCRA relief is requested cannot establish eligibility for PCRA relief. ***See id***. Our Supreme

Court has upheld this requirement even where the petitioner initially filed the petition while still serving a sentence. *See Commonwealth v. Ahlborn*, 699 A.2d 718 (Pa. 1997) (PCRA petitioner who had completed his prison sentence prior to any final adjudication of his PCRA petition, even though he initially filed the petition while still incarcerated, was ineligible for PCRA relief).

Snyder was sentenced to 18 to 36 months' incarceration on November 27, 2018. Therefore, Snyder's incarceration term on the instant charges would have ended in 2021 at the latest. Accordingly, Snyder completed serving the sentence on the crimes for which he seeks relief long before filing the instant petition. Therefore, Snyder has failed to meet the requirements of eligibility for relief under the PCRA. *See* 42 Pa.C.S.A § 9543(a)(1).

We further note, even if Snyder were still serving a sentence on the above docket, we would be without jurisdiction to entertain this appeal as the petition was also untimely filed.

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Snyder's judgment of sentence became final in 2019, 30 days after a panel of this Court affirmed his judgment of sentence. The instant petition—filed almost four years later—is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Snyder's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> [a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

Even liberally construed, Snyder failed to plead and prove a timeliness exception that would allow for our review. In fact, Snyder did not address the timeliness of his petition at all. To the best of our ability to decipher Snyder's claims in his petition, he continues to raise the same, or different versions of,

- 5 -

claims he raised in his previous PCRA petition—that all prior counsel were ineffective, and that various errors occurred during trial and during his first attempt at PCRA relief.[1] *See* PCRA Petition, 8/28/2023. We commend the PCRA Court in its Opinion of February 5, 2024, in which it did its best to explain to a self-represented litigant that "[w]hen an appellant raises the same issue in the same manner as before, the bar to such litigation is easily applied. However, raising the same issue in a different manner is also barred under the previous litigation provision." PCRA Court Opinion, 2/5/2024, at 2.

Since Snyder's PCRA petition is manifestly untimely and Snyder did not plead any of the statutory exceptions to the one-year time-bar, our "courts are without jurisdiction to offer any form of relief." **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011).

We conclude Snyder has failed to meet the requirements of eligibility for relief under the PCRA. *See* 42 Pa.C.S.A § 9543(a)(1); *see also* 42 Pa.C.S.[A.]

---

[1] To demonstrate eligibility for relief under the PCRA, a petitioner must plead and prove that the allegation of error has not been previously litigated. **See Commonwealth v. Kimbrough**, 938 A.2d 447, 451 (Pa. Super. 2007). An issue is deemed previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.A. § 9543 (a)(3). Here, the PCRA court dismissed Snyder's petition on the basis that his claims were previously litigated. Upon a cursory review of Snyder's claims, it does appear that many of Snyder's claims on appeal were either already raised in his first PCRA petition or could have been raised in that petition and were not. However, due to our disposition of not having jurisdiction, we do not reach this determination.

§ 9545(b)(1). Accordingly, because the PCRA court dismissed the PCRA petition, we affirm the decision, albeit on different grounds.[2]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/25/2024

---

[2] *See Commonwealth v. Parker*, 919 A.2d 943, 948 (Pa. 2007) (citations omitted) (noting that "an appellate court has the ability to affirm a valid judgment or verdict for any reason appearing as of record.").