J-S67044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JULIUS DANIEL ALLEN | : | |
| | : | |
| Appellant | : | No. 3832 EDA 2016 |

Appeal from the PCRA Order November 28, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0005263-2013

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED NOVEMBER 13, 2017**

Appellant, Julius Daniel Allen, appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion, the PCRA court sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.[2]

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), on December 19, 2016.  Appellant had already filed a voluntary Rule 1925(b) statement with his *pro se* notice of appeal on December 14, 2016.

_____

*   Former Justice specially assigned to the Superior Court.

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.***; ***Commonwealth v. Lyons***, 833 A.2d 245 (Pa.Super. 2003). Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. ***Id.***

The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief as follows:

**Rule 2111. Brief of the Appellant**

**(a) General Rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of the argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)    Argument for Appellant.

(9)    A short conclusion stating the precise relief sought.

(10)   The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11)   In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a).  More specifically:

**Rule 2116.  Statement of Questions Involved**

**(a)  General rule.**  The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail.  The statement will be deemed to include every subsidiary question fairly comprised therein.  **No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.** …

Pa.R.A.P. 2116(a) (emphasis added).  The omission of a statement of the questions involved is particularly grievous because it defines the specific issues this Court is asked to review.  ***Commonwealth v. Maris***, 629 A.2d 1014, 1015 (Pa.Super. 1993).  Additionally, Rule 2117 states:

**Rule 2117.  Statement of the Case**

**(a)  General rule.**  The statement of the case shall contain, in the following order:

(1)    A statement of the form of action, followed by a brief procedural history of the case.

(2)    A brief statement of any prior determination of

- 3 -

> any court or other government unit in the same case or estate, and a reference to the place where it is reported, if any.
>
> (3)   The names of the judges or other officials whose determinations are to be reviewed.
>
> (4)   A closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found.  …
>
> (5)   A brief statement of the order or other determination under review.

Pa.R.A.P. 2117(a).

The law presumes counsel has rendered effective assistance. **Commonwealth v. Williams**, 597 Pa. 109, 950 A.2d 294 (2008).  Under the traditional analysis, to prevail on a claim of ineffective assistance of counsel, a petitioner bears the burden to prove his claims by a preponderance of the evidence.  **Commonwealth v. Turetsky**, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for the asserted action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.  **Id.  See also Commonwealth v. Kimball**, 555 Pa. 299, 724 A.2d 326 (1999).  "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding."

*Commonwealth v. Spotz*, 624 Pa. 4, 34, 84 A.3d 294, 312 (2014) (quoting *Commonwealth v. Ali*, 608 Pa. 71, 86-87, 10 A.3d 282, 291 (2010)). "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the…test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." *Commonwealth v. Steele*, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a criminal [appellant] alleging prejudice must show

that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (internal citations and quotation marks omitted).

Further, "to succeed on an allegation of…counsel's ineffectiveness…a post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." *Commonwealth v. D'Amato*, 579 Pa. 490, 500, 856 A.2d 806, 812 (2004) (internal citations omitted). "[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [the petitioner's] burden of establishing that he is entitled to any relief." *Commonwealth v. Bracey*, 568 Pa. 264, 273 n.4, 795 A.2d 935, 940 n.4 (2001).

Instantly, the defects in Appellant's brief are substantial. Appellant's brief falls well below the standard delineated in the Rules of Appellate Procedure. Appellant fails to include in his brief a statement of questions involved or a statement of the case. *See* Pa.R.A.P. 2116(a); 2117(a); *Maris, supra*. Therefore, Appellant has waived all issues on appeal. *See* Pa.R.A.P. 2101; *Lyons, supra*.

Additionally, Appellant raises claims of ineffective assistance of counsel in his brief. In his argument section, however, Appellant fails to develop his claims under the three prongs of the ineffective assistance of counsel test.

*See Turetsky, supra*. Therefore, Appellant's claims are waived on this ground as well. *See D'Amato, supra*; *Bracey, supra*.

Moreover, even if Appellant properly preserved his issues on appeal, we would affirm based on the PCRA court's analysis. (*See* PCRA Court Opinion, filed March 2, 2017, at 4-15) (finding: initially, several of Appellant's issues are not cognizable under the PCRA; nevertheless, to extent Appellant raises his claims in context of ineffectiveness of counsel, court will address each issue: **(1)** PCRA counsel detailed nature and extent of his review, finding all issues were frivolous; PCRA counsel set forth all issues Appellant wished to have reviewed and provided thorough analysis of why each issue lacked merit; PCRA court conducted independent review of issues and agreed they lacked merit; PCRA counsel complied with dictates of *Turner/Finley*; **(2)** bill of information regarding charge of possession with intent to deliver contained all required elements and complied with Pa.R.Crim.P. 560; **(3)** Appellant stipulated that substances recovered tested positive for drugs; Appellant also stipulated at trial that expert would testify 23 baggies found on Appellant's person were possessed with intent to deliver; based on stipulations, court properly found Appellant possessed drugs with intent to deliver; **(4)** Commonwealth charged Appellant with violations of Crimes Code; controversies arising out of violations of Crimes Code are entrusted to original jurisdiction of Court of Common Pleas; thus, court had subject matter jurisdiction over Appellant's trial and sentencing;

**(5)** Appellant does not explain how private investigator Mr. Kadash's testimony would have helped Appellant's case; in any event, trial court and defense counsel viewed Appellant's vehicle and agreed it was impossible to view interior of vehicle without placing flashlight directly on glass of vehicle; therefore, court's direct observation would have rendered any conflicting testimony by Mr. Kadash meaningless and not credible on this issue; **(6-7)** Appellant's claims of prosecutorial misconduct and trial counsel's alleged ineffectiveness for failing to advise Appellant that stipulated bench trial constitutes "admission of guilt" are waived for failure to raise these issues in his *pro se* PCRA petition or PCRA counsel's ***Turner/Finley*** letter; **(8)** court did not sentence Appellant under mandatory minimum sentencing scheme, so any challenge to application of mandatory minimum sentence lacks merit; because none of Appellant's issues have arguable merit, neither trial nor PCRA counsel were ineffective).[3]  Accordingly, Appellant's issues are waived and the order is affirmed.

Order affirmed.

---

[3] To the extent Appellant raises any claims not addressed by the PCRA court in its opinion, these issues were waived because his Rule 1925(b) statement is too vague.  ***See Commonwealth v. Reeves***, 907 A.2d 1 (Pa.Super. 2006) (stating vague Rule 1925(b) statement can result in waiver).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2017

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA
2017 MAR -3 PM 2: 39
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA  :          CP-46-CR-0005263-2013

V.                                           :

JULIUS DANIEL ALLEN                      :          **3832 EDA 2016**

## OPINION

**CARPENTER J.**                                    **MARCH 2, 2017**

### FACTUAL AND PROCEDURAL HISTORY

Appellant, Julius Daniel Allen ("Allen"), appeals *pro se* from the final order of dismissal entered November 29, 2016, dismissing his petition seeking to collaterally attack his convictions of possession, possession with the intent to deliver, possession of drug paraphernalia, possession of firearm with altered manufacturer's number, persons not to possess firearms, firearms not to be carried without a license, windshield obstruction and wipers and resisting arrest relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§9541-9546. The dismissal was based upon PCRA counsel's Turner/Finley[1] no merit letter, this Court's independent review of the record and Allen's response to the Pa.R.Crim.P. Rule 907 notice.

---

[1]    Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988).

The facts and procedural history as set forth in this Court's 1925(a)

Opinion dated November 7, 2014, written in response to Allen's direct appeal is

restated below.

> On June 16, 2013, Officer James Lee, a 27-year veteran of the Norristown Police Department, was patrolling in a marked patrol car and at approximately 4:30 a.m. he observed a white Dodge Intrepid with dark tinted windows. (Suppression Hearing/Trial by Judge 6/16/14 p. 5 - 6). The officer was unable to see into the car because of the tinted windows, and initiated a traffic stop on that basis. Id. at 6. The driver pulled over. Id. at 7.
>
> Officer Lee called the tag into the dispatcher, but before he heard back Officer Lee approached the car. Id. The officer testified that even as he approached the car, he unable to see into the car. Id. Officer Lee asked the driver to put down the driver's side window. Id. In court, Officer Lee identified [Allen] as the driver of the car. Id. at 7 - 8.
>
> [Allen] was asked for his driver's license and registration, which he produced quickly. Id. at 8. Officer Lee advised [Allen] of the tinted window violation. Id. At that juncture, the officer went back to his patrol car to run a driver's check. Id.
>
> Several other officers arrived on the scene to assist as back-up, including Officer Carl Robinson. Id. While Officer Lee was back at his patrol car, he heard a scuffle between Officer Robinson and [Allen]. Id. Officer Lee assisted Officer Robinson with taking [Allen] into custody. Id. at 8 - 9. Officer Lee patted [Allen] down, and incident to that pat-down, he found a handgun, which he properly seized. Id. at 9.
>
> Officer Robinson also testified at the suppression hearing. He told the Court that he had heard Officer Lee's traffic stop over the radio and decided to act as back-up. Id. at 30 - 31. When he arrived on the scene, Officer Robinson approached the driver's side with a

2

flashlight. Id. at 32. He could not see into the interior of the car without the use of a flashlight. Id. at 53 - 54. Looking towards the floor of the car, behind the driver's side the officer observed four purple tinted plastic packets of suspected crack cocaine. Id. at 32.

Officer Robinson advised Officer Leeds, who was at the passenger side of the car, that he could see the suspected drugs on the floor and that they would be taking [Allen] out the car and placing him under arrest. Id. at 33 - 34. Officer Robinson told [Allen] to step out of the car, and that is when the struggle ensued. Id. at 34.

[Allen] was fighting with the officers, and was ultimately tased. Id. at 34. During the struggle, Officer Robinson observed [Allen] reaching for something under his hoody, which the officer saw to be a plastic baggy hanging from the hoody front pocket. Id. at 34 - 35. Incident to the arrest, [Allen] was found to also have 19 packets of cocaine in that plastic baggy. Id. at 36.

T.C.O. 11/7/14, at 1-3.

On June 16, 2014, a suppression hearing was conducted in which the officer's stop of his vehicle was challenged as well as the constitutionality of section 4524(e)(1), 75 Pa.C.S.A. Suppression was denied, and a stipulated bench trial immediately followed at the conclusion of which Allen was found guilty of the aforementioned charges.

On September 23, 2014, Appellant was sentenced to an aggregate term of seven and one-half to 20 years' imprisonment. Allen filed a timely direct appeal. On August 6, 2015, the Pennsylvania Superior Court affirmed Allen's judgment of sentence.

On June 27, 2016, Allen filed a timely *pro se* PCRA petition, at issue in this appeal. Patrick J. McMenamin, Jr., Esquire was appointed as PCRA

3

counsel to assist Allen with his petition. On October 24, 2016, PCRA counsel filed a Turner/Finley no merit letter, having found no meritorious issues to pursue. This Court reviewed the no merit letter, and determined that PCRA counsel had neither provided proof that he served the no merit letter on Allen, nor informed him that if he is permitted to withdraw from representation Allen could proceed pro se or with privately retained counsel. This Court directed PCRA counsel to comply with these mandates as set forth in Commonwealth v. Freeland, 106 A.3d 768, 774 (Pa.Super. 2014) (citing, Commonwealth v. Friend, 896 A.2d 607 (Pa.Super. 2006) by way of an order dated October 28, 2016. PCRA complied and provided proof of compliance with this Court. Thereafter, on November 7, 2016, this Court issued a Pa.R.Crim.P. Rule 907 notice, informing Allen of this Court's intention to dismiss his PCRA petition without a hearing and notifying him of his right to respond to the notice.[2] Allen did file a *pro se* response on November 15, 2016. The Final Order of Dismissal was entered November 29, 2016. Allen filed a timely appeal. In response, this Court issued a court order directing him to file a concise statement of errors complained of on appeal.

## ISSUES

Allen enumerates several issues in his concise statement of errors complained of on appeal that would not be cognizable in this PCRA review; but for his summarily declaring that these errors were the result of trial counsel's

---

[2] The order dated November 7, 2016, also permitted PCRA counsel to withdraw.

4

and PCRA counsel's ineffectiveness; therefore, they will be addressed in this opinion.

I.     Whether PCRA counsel complied with the dictates of Turner/Finley.

II.    Whether the bill of information regarding the possession with intent to deliver charge was legally sufficient.

III.   Whether intent was proven at trial.

IV.    Whether this Court had subject matter jurisdiction.

V.     Whether a defense witness was improperly excused.

VI.    Whether the claim of prosecutorial misconduct is waived on appeal.

VII.   Whether trial counsel ineffectiveness is failing to advise Allen that a stipulated bench trial was tantamount to pleading guilty.

VIII.  Whether Allen was sentenced under a mandatory minimum sentencing scheme rendering his sentence unconstitutional.

## DISCUSSION

### Standard of Review

Our appellate court's standard of review of an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Commonwealth v. Kimbrough, 938 A.2d 447 (Pa.Super. 2007). In evaluating a PCRA court's decision, the scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. Commonwealth v. Colavita, 993 A.2d 874, 886 (Pa. 2010).

5

Eligibility under the PCRA

In order to be eligible for PCRA relief, Appellant must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found at 42 Pa.C.S. § 9543(a)(2) (setting forth the eligibility requirements of the PCRA). Further, a petitioner must demonstrate that the issues raised in his PCRA petition have not been previously litigated or waived. Id. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." Id. § 9544(a)(2). A PCRA claim is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." Id. § 9544(b); see also, Commonwealth v. Hanible, 30 A.3d 426, 438–39 (Pa. 2011)

Ineffectiveness of Counsel Standard

To prevail on a claim of ineffectiveness of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstance of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Commonwealth v. Anderson, 995 A.2d 1184, 1191 (Pa.Super. 2010). The law presumes counsel was effective and thus, the burden of proving otherwise rests with the defendant. Commonwealth v. Zook, 887 A.2d 1218, 1227 (Pa. 2005). To properly plead ineffective assistance of counsel, a petitioner must plead and prove: (1) that the underlying issue has arguable

merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. Commonwealth v. Tedford, 598 Pa. 639, 960 A.2d 1 (Pa. 2008) (citing Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 19987) (adopting the U.S. Supreme Court's holding in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Commonwealth v. Johnson, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). A "reasonable probability" is, for example, a probability sufficient to undermine confidence in the verdict returned by the jury. Commonwealth v. Bardo, 629 Pa. 352, 363, 105 A.3d 678, 684 (2014). A claim will be denied if the petitioner fails to meet any one of these requirements. Commonwealth v. Springer, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing Commonwealth v. Natividad, 938 A.2d 310, 322 (Pa. 2007)).

I.    PCRA counsel complied with the dictates of Turner/Finley.

First, Allen contends that PCRA counsel was ineffective in failing to meet Finley requirements as set forth in his objection to the Rule 907 notice.

In Allen's response to the pre-dismissal notice, he reiterates a few of the issues he raised in his *pro se* PCRA petition and that PCRA counsel reviewed. Allen then tacked on a claim that PCRA counsel was ineffective in finding them meritless. See, Objection to Rule 907 Notice 11/16/16.

7

Additionally, Allen argues that PCRA counsel was ineffective in failing to file a separate petition to withdraw. Id.

A petition to withdraw is reviewed with for the following prerequisites. See Commonwealth v. Daniels, 947 A.2d 795, 797 (Pa. Super. 2008)

> [I]ndependent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was meritless.

Commonwealth v. Widgins, 29 A.3d 816, 817-818 (Pa. Super. 2011) (citations and punctuation omitted). Further, PCRA counsel seeking to withdraw must contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

Id. at 818.

8

In this case, on October 24, 2016, PCRA counsel filed the Turner/Finley no merit letter and forwarded a copy to Chambers. Having determined that PCRA counsel had not provided proof that he contemporaneously forwarded to Allen a copy of his Turner/Finley letter along with his petition to withdraw nor was there proof that PCRA counsel informed Allen that if this Court should grant the petition to withdraw, Allen has the right to proceed *pro se*, or with the assistance of privately retained counsel. Therefore, this Court issued an order dated October 28, 2016, requiring PCRA counsel to do so and to notify this Court of his compliance with the court order.

On November 7, 2016, PCRA counsel filed a petition to withdraw as Counsel stating that he had forwarded to Allen a copy of his Turner/Finley letter along with his petition to withdraw and that Allen had been advised that should the petition to withdraw be granted, he has the right to proceed *pro se*, or with the assistance of privately retained counsel. On that same date, this Court having found PCRA counsel fully complied with all requirements, issued a Rule 907 notice.

PCRA counsel detailed the nature and extent of his review, finding no non-frivolous issues to pursue. PCRA counsel set forth all of the issues that Allen wished to have reviewed and provided a thorough analysis of why each lacked merit. This Court then conducted an independent review of the issues and agreed that these issues lacked merit. While PCRA counsel's initial filing did not fulfill the two additional requirements, this Court directed him to do so.

PCRA counsel complied. Accordingly, PCRA counsel's petition to withdraw substantially complies with the requirements set forth by the Widgins Court.

II.     The bill of information regarding the possession with intent to deliver charge was legally sufficient.

Allen asserts that the bill of information was not sufficiently specific because it did not set forth the requisite element of intent.

Pennsylvania Rule of Criminal Procedure, Rule 560(B)(1)-(6), sets forth the required contents for a bill of information as follows:

> (B) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:
> (1) a caption showing that the prosecution is carried on in the name of and by the authority of the Commonwealth of Pennsylvania;
> (2) the name of the defendant, or if the defendant is unknown, a description of the defendant as nearly as may be;
> (3) the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient;
> (4) the county where the offense is alleged to have been committed;
> (5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint; and
> (6) a concluding statement that "all of which is against the Act of Assembly and the peace and dignity of the Commonwealth."

Pa. R. Crim. P. 560.

10

In this case, the bill of information regarding the charge of possession with intent to deliver contains all of the required elements. It set forth the required elements as follows:

**COUNT 2:  CONTROLLED SUSTANCE/POSSESSION WITH INTENT TO MANUFACTURE/DELIVER 35780-113A30 - Felony**
That on the same day and year, in said County, the above defendant(s) did feloniously manfacture, knowingly create, deliver or possess with intent to manufacture or deliver a controlled substance or counterfeit controlled substance, classified in Schedule I, II, III, or IV to wit: COCAINE

A reading of the bill of information shows that it complies with Pa.R.Crim.P 560, and was proper. Therefore, trial counsel cannot be ineffectiveness in failing to challenge the possession with intent to deliver bill of information.

III.    Intent was proven at trial.

Next, Allen contends that the items that the lab technician tested were stipulated to; however, these items were not proved beyond a reasonable doubt that they were possessed with the intent to deliver. However, a reading of the record reveals that Allen not only stipulated to the testing was positive for drugs, he also stipulated that "an expert would testify at trial that the 23 baggies found on the defendant's person, and that was on his person in the car were possessed with the intent to deliver." (Suppression/Stipulated Bench Trial 6/16/14 pp. 100-101). Therefore, based upon this stipulation regarding expert testimony, this Court properly found that Allen had the intent to deliver the

drugs in his possession. Intent was proven. Accordingly, counsel cannot be ineffective in failing to pursue a meritless issue.

IV.     This Court had subject matter jurisdiction.

Allen contends that this Court lacked subject matter jurisdiction over his trial and sentencing due because the bill of information was deficient.

Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented. Commonwealth v. Bethea, 828 A.2d 1066, 1074 (Pa. 2003). Jurisdiction is a matter of substantive law. Id.; 42 Pa.C.S. § 931(a) (defining the unlimited original jurisdiction of the courts of common pleas). Allen was charged with violations pursuant to the Crimes Code. Controversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. See 18 Pa.C.S. § 102. Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code. Pa. Const. Art. 5, § 5 (establishing the jurisdiction of the courts of common pleas within the unified judicial system).

Here, this Court did properly exercise subject matter jurisdiction over Allen's trial and sentencing. As previously discussed the bill of information was not legally deficient.

12

V.    Whether a defense witness was improperly excused.

Fifth, Allen asserts that this Court erred in prematurely excusing an expert defense witness.[3] In Allen's memorandum attached to his *pro se* PCRA petition he argues that this Court erroneously dismissed a private investigator, George A. Kadash who used three types of lighting equipment in order to peer into Allen's vehicle.

Initially, it should be noted that the record does not bear out Allen's contention that this witness was dismissed by this Court. Therefore, this issue is best framed as an issue of trial counsel's ineffectiveness in failing to call Mr. Kadash as a defense witness.

When raising a failure to call a potential witness claim, the PCRA petitioner satisfies the performance and prejudice requirements of the Strickland test by establishing that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

Commonwealth v. Washington, 592 Pa. 698, 927 A.2d 586, 599 (2007). To demonstrate Strickland prejudice, the PCRA petitioner "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." Commonwealth v. Gibson, 951 A.2d 1110, 1134 (Pa.

---

[3]    PCRA counsel's Turner/Finley letter indicated that he spoke to trial counsel, Leigh P. Narducci, and part of his analysis refers to this off-the-record conversation. However, this Court discounted all of counsel's review in this regard. This Court relied solely on the record to determine that this issue lacked merit.

13

2008); see also Commonwealth v. Chmiel, 889 A.2d 501, 546 (Pa. 2005) ("Trial counsel's failure to call a particular witness does not constitute ineffective assistance without some showing that the absent witness' testimony would have been beneficial or helpful in establishing the asserted defense."). Commonwealth v. Johnson, 966 A.2d 523, 536 (Pa. 2009).

In this case, Allen does not explain how Mr. Kadash's testimony would have helped him. Additionally, the undersigned, along with counsel, viewed the Allen's vehicle on a prior occasion, and we all agreed that it was impossible to view the interior without placing a flashlight directly on the glass of the vehicle. (Suppression Hearing/Trial by Judge 6/16/14 pp. 77, 88). Therefore, this direct observation would have rendered Mr. Kadash's potentially conflicting testimony meaningless and not credible in this regard.

VI.     The claim of prosecutorial misconduct is waived on appeal.

Sixth Allen contends that the prosecutor committed misconduct "by failing to rectify procedural errors, i.e., bills of information, perjured testimony of Officer Robinson, and the trial judge's findings of fact as having emanated from testimony or documents, when the record clearly exhibits that it was his duty to do so at said juncture to do so." See, 1925(b) statement, 12/14/16, issue number 6.

A review of Allen's *pro se* PCRA petition and of PCRA counsel's Turner/Finley letter reveals that this issue has not been raised previously, prior to this appeal; therefore it is waived. See, Pa.R.A.P. 302(a); ); Pa.R.A.P. 1925(b)(4)(vii); Commonwealth v. Melendez-Rodriguez, 856 A.2d 1278, 1287

14

(Pa.Super. 2004) (*en banc*) (holding issues raised for first time in 1925(b) statement waived).

VII.  Trial counsel ineffectiveness is failing to advise Allen that a stipulated bench trial was tantamount to pleading guilty.

In Allen's next issue he claims that trial counsel was ineffective in failing to advise him that agreeing to a stipulated trial was an admission of guilt. However, this claim was neither raised in Allen's pro se PCRA petition or in PCRA counsel's no-merit letter; therefore, it is waived. See, Pa.R.A.P. 302(a).

VIII.  Allen was not sentenced under a mandatory minimum sentencing scheme, rendering his sentence unconstitutional.

Finally, Allen challenges the imposition of the deadly weapons enhancement applied at sentencing, arguing that it rendered his sentence unconstitutional under Alleyne v. U.S., 133 S.Ct. 2151 (2013). However, Allen was not sentenced under a mandatory minimum sentencing scheme. Accordingly, this issue is meritless.

## CONCLUSION

Based on the forgoing analysis, the denial of post-conviction relief should be affirmed.

BY THE COURT:

WILLIAM R. CARPENTER    J.
COURT OF COMMON PLEAS
MONTGOMERY COUNTY
PENNSYLVANIA
38TH JUDICIAL DISTRICT

15

**Copies sent on March 2, 2017**
**By Interoffice Mail to:**
Court Administration

**By First Class Mail to:**
Julius Daniel Allen #GP-0829
SCI Albion
10745 Route 18
FA-14
Albion, PA 16475-0002

16